UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Thomas Koutsogiannis,                    )
                                         )
                    Plaintiff,           )
                                         )        Civil Action No. 7:26-cv-00112-BHH
         v.                              )
                                         )        **Order**
MetLife Pet Insurance Solutions, LLC,    )
                                         )
                    Defendant.           )
_____          )

This matter is before the Court upon *pro se* Plaintiff Thomas Koutsogiannis's ("Plaintiff") motion to remand filed on February 10, 2026. (ECF No. 11.) Defendant MetLife Pet Insurance Solutions, LLC ("Defendant") removed this action from the Spartanburg County Court of Common Pleas, Case No. 2025-CP-42-06300, pursuant to diversity jurisdiction.[1] (ECF No. 1.) In its notice of removal, Defendant alleges that "the Complaint seeks actual damages, punitive damages, and attorneys' fees which would exceed $75,000.00, exclusive of interest and costs." (ECF No. 1 at ¶ 4.) Plaintiff's challenge to diversity jurisdiction in his motion to remand is that the amount in controversy has not been met. (ECF No. 11 at ¶¶ 5, 8-9.) Specifically, Plaintiff argues that the complaint does not specify an amount of damages that would satisfy the jurisdiction threshold, and there is no evidence that the amount in controversy has been met. (*Id.* at ¶¶ 8-11.) In

---

[1] The parties do not dispute diversity of citizenship, and the Court finds that Defendant has met its burden as to diversity of parties' citizenship. (*See* ECF Nos. 1 at 1; 1-1 at 4; 3 at 3.)

accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Kevin F. McDonald for pretrial proceedings.

On March 3, 2026, Magistrate Judge McDonald issued a Report and Recommendation ("Report"), finding that Defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 and recommending that the Court grant Plaintiff's motion to remand. (ECF No. 15.)

On March 13, 2026, Defendant filed objections to the Report. (ECF No. 19.) On March 30, 2026, Plaintiff filed a reply to Defendant's objections. (ECF No. 20.)

**Standard of Review**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The Report sets forth in detail the relevant background and procedural history, and no party objects to these portions of the Report. The Court finds no clear error in these portions of the Report and incorporates these portions without recitation.

Defendant makes three specific objections to the Report: (1) that the Report "improperly allocated the entire burden of establishing the amount in controversy on Defendant"; (2) that the Report "failed to consider Plaintiff's two demand letters and claimed consequential damages"; and (3) that the Report "improperly discounted Plaintiff's claim for punitive damages despite concluding Plaintiff's compensatory damages were low." (ECF No. 19 at 2.) The Court addresses Defendant's objections in turn.

### Objection 1 – burden

In support of this objection, Defendant first notes that the amount in controversy was not at issue in either of the two cases cited by the Magistrate Judge to support that Defendant carries the burden of establishing the amount in controversy. (ECF No. 19 at 2.) Then, relying on *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81 (2014), Defendant contends that "when defendant's assertion of the amount in controversy is challenged, the procedure is that 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy has been satisfied." (*Id.* at 3 (quoting 574 U.S. at 88-89).) Defendant also notes that Plaintiff "has failed to provide any definite statement regarding the amount in controversy." (*Id.* at 4.) For the following reasons, the Court overrules Defendant's first objection.

First, to the extent Defendant is arguing that Plaintiff's failure to state or stipulate to a maximum damages supports this Court's finding that Plaintiff's claim exceeds

3

$75,000.00, the Court rejects this argument. *See Faraj v. Gerrie Gresham Ins & Fin Servs LLC*, No. CV 3:25-4382-MGL-SVH, 2026 WL 699716, at *3 (D.S.C. Mar. 12, 2026) (discussing why courts in this District have "long disfavored stipulations of damages in scenarios such as this" and holding that a plaintiff's refusal to stipulate to a cap on damages does not amount to competent evidence as to the $75,000 requirement).

Second, the Court finds that the Magistrate Judge properly placed the burden on Defendant. "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. *See id.* Accordingly, the burden of establishing that a plaintiff's damages exceed the jurisdictional amount of $75,000.00 lies with the defendant. *See* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3725 (3d ed.1998). Courts in this District have applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. *See Crosby v. CVS Pharmacy, Inc.*, 409 F. Supp. 2d 665, 668 (D.S.C. 2005) ("[B]y applying the preponderance of the evidence standard, the court strikes an appropriate balance between a defendant's right of removal and a plaintiff's right to be master of his own claim."); *see also Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) ("If a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence . . . the amount in controversy exceeds [$75,000].")). Thus, under this test, "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *DeAguilar v.*

4

*Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). This burden of proof requires the defendant to produce *evidence* that establishes that the actual amount in controversy exceeds $75,000.00. *See id; see also Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) ("When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show . . . what the stakes of litigation . . . are given the plaintiff's actual demands.") (alterations in original) (internal quotation marks omitted). Thus, the Court finds that this objection is without merit.

### *Objection 2 – settlement demands and compensatory damages sought*

Defendant's second objection is that the Report failed to consider Plaintiff's pre-suit settlement demands, (*see* ECF No. 1 at ¶¶ 22, 27[2]) and all of Plaintiff's claimed consequential damages in measuring the amount in controversy. (ECF No. 19 at 4-6.) Defendant states that the Report ignored Plaintiff's two pre-suit settlement demands and only considered the alleged amounts for the initially denied insurance claims, totaling $651.85, in determining the amount of compensatory damages. (*Id.* at 5.) Defendant notes that, as to consequential damages prayed for in the complaint, Plaintiff seeks: "(1) 'credit card interest'; (2) 'emotional distress'; and (3) 'substantial time expended seeking

---

[2] The allegations are as follows:

> On September 2, 2025, Plaintiff sent Defendant a Formal Notice of Intent to Sue and Demand for Settlement, citing Defendant's improper claim practices under S.C. Code Ann. § 38-59-20 and demanding payment of $10,000 to resolve the dispute.

> On September 26, 2025, Plaintiff responded, noting that Defendant had unreasonably delayed claim resolution for over eight months and only approved the claims after being threatened with legal action. Plaintiff demanded $30,000 to settle his claims, citing willful violations of S.C. Code Ann. § 38-59-20.

(ECF No. 1-1 at ¶¶ 22, 27.)

payments'" but, according to Defendant, the Report failed to consider all of these claimed damages in determining the jurisdictional threshold amount. (*Id.* at 6 (quoting ECF No. 1-1, Prayer for Relief).)

In its response opposing Plaintiff's motion to remand, Defendant relied, in part, on the two settlement demands made by Plaintiff prior to removal as alleged in the complaint. (ECF No. 13 at 3.) A review of the Report reveals that the Magistrate Judge did not expressly consider Plaintiff's settlement demands alleged in the complaint. (*See generally* ECF No. 15.) Rather, the Report  generally notes that Defendant is relying on its own interpretation of the damages alleged in the compliant to support the amount in controversy. (ECF No. 15 at 3.)

Although a settlement demand is not dispositive on the issue, the Court notes that it can be used as proof that the amount in controversy is over $75,000.00. See *Scaralto v. Ferrell*, 826 F.Supp.2d 960, 967 (S.D. W.Va. 2011)  ("The amount in controversy is not what the plaintiff, his lawyer, or some judge thinks a jury would award the plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands."); *Upper Ohio Valley Italian Heritage Festival v. Burlington Ins. Co.*, 2018 WL 5284207, at *4 (N.D. W.Va. 2018) ("Moreover, while a settlement offer may count for something, what it counts for depends on the circumstances."); *see also Carroll v. Stryker Corp.*, 658 F.3d 675, 681 n. 2 (7th Cir. 2011); ("Even though settlement offers are inadmissible to prove liability under Rule 408 of the Federal Rules of Evidence, they are admissible to show that the amount in controversy for jurisdiction*al purposes has been met.").*

Here, based on the allegations in the complaint, Plaintiff's last settlement demand "to settle his claims" prior to removal was $30,000.00. (ECF No 1-1 at ¶ 27.) This settlement demand alone is not dipositive and, because this amount is far below the jurisdictional amount, it is also not a "significant factor" but just a factor the Court may consider. *Kohler v. State Farm Mut. Ins. Co*., No. 5:20-CV-51, 2020 WL 6947387, at *3 (N.D.W. Va. 2020) (finding that "Plaintiff's demand letter for excess of $350,000 in damages is a significant factor in determining the amount in controversy"). Thus, while the Court agrees with Defendant that it appears that the Magistrate Judge did not expressly consider Plaintiff's settlement demand prior to removal, such a finding does not warrant a finding by this Court that Defendant has shown by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00.

Although Plaintiff does not specify an amount in the complaint, he requests damages for a variety of types of damages, to wit: compensatory damages (credit card interest, emotional distress, and time lost seeking payment of insurance claims), reasonable attorney's fees, and punitive damages. (ECF No. 1-1 at ¶¶ 46, 51, Prayer for Relief.) Notably, the complaint does not describe the nature or extent of the emotional distress or the amount of time Plaintiff has spent seeking payment of his claims by Defendant. (*See generally* ECF No. 1-1.) A review of the Report reveals that the Magistrate Judge considered Plaintiff's request for reimbursement of credit card interest, punitive damages, and attorney's fees. (ECF No. 15 at 3 (citing to case law holding that a demand for punitive damages on its own does not immediately establish that the amount in controversy has been met and noting that Plaintiff's request for fees has no bearing on the issue because Plaintiff is proceeding *pro se*).) Defendant objects to the Report's

7

failure to expressly take note of Plaintiff's request for emotional distress damages and time lost seeking payment of insurance claims. (ECF No. 19 at 5-6.) However, the Court notes that no evidence has been presented regarding these claimed damages. Rather, Defendant states that "[a]s a practicing attorney, and based on the claims asserted in this case, Plaintiff appears to place a high value on his time." (*Id.* at 6.) Defendant's removal, however, cannot be based on mere speculation. Moreover, the Court finds that the Magistrate Judge considered all of Plaintiff's alleged compensatory damages, as he presumed such damages could be as high as $5,000.00. (ECF No. 15 at 4 (noting that this amount is "almost ten times the amount owed on the claims submitted).) Thus, the Court finds no merit to Plaintiff's objection on this ground.

Upon considering the claims asserted in the complaint, Plaintiff's allegations of compensatory damages, and Plaintiff's $30,000.00 settlement demand, the Court is not convinced that the amount in controversy exceeds $75,000.00. Of course, as discussed next, Plaintiff also seeks an unspecified amount of punitive damages,[3] and punitive damages must be included in any calculation of the amount in controversy. *Bell v. Preferred Life Assurance Soc.*, 320 U.S. 238 (1948); *Am. Health and Life Ins. Co. v. Heyward,* 272 F. Supp. 2d 578, 581 (D.S.C. 2003).

### Objection 3 – punitive damages

Defendant third and final objection is that the Report "discounted the measure of punitive damages" because "[c]ourts have recognized that punitive damages are higher where compensatory damages are low to provide meaningful deterrence." (ECF No. 19

---

[3] Under South Carolina law, punitive damages are available for a bad faith refusal to pay benefits under an insurance contract if the insured proves that the insurer's conduct was willful or in reckless disregard of the insured's rights under contract. *Howard v. State Farm Mut. Auto. Ins. Co.*, 450 S.E.2d 582, 586 (S.C. 1994).

at 7.)[4] Defendant contends that the Report erred in speculating that "punitive damages would be held to a single-digit ratio applied to Plaintiff's alleged compensatory damages that 'appear to be $652.85.'" (*Id.* (quoting ECF No. 15 at 4).) Defendant argues that the Report failed to consider the fact that the complaint "expressly states that it 'anticipates punitive damages to far exceed the $7,500 jurisdictional cap on magistrate courts set forth in S.C. Code Ann. § 22-3-10.'" (*Id.* (quoting ECF No. 1-1 at ¶ 5).)

As just noted, the Magistrate Judge presumed that Plaintiff's "compensatory damages could be $5,000.00" and noted that "the punitive damages award would have to be at least $70,000.00 to meet the amount in controversy requirement" – "a double digit ratio well beyond ten times the compensatory damages and well beyond what has been held to be within constitutional constraints." (ECF No. 15 at 3).

A "request for punitive damages alone does not show that the jurisdictional minimum has been met." *Hamilton v. Ocwen Loan Servicing, LLC*, No. 9:12-cv-03111, 2013 WL 499159, at *6 (D.S.C. 2013). Further, "as well established by South Carolina courts, punitive damages must bear a reasonable relationship to compensatory damages." *Crosby v. CVS Pharmacy, Inc.*, 409 F. Supp. 2d 665, 668 (D.S.C. 2005).

---

[4] Defendant provides the following string cite:

> *See Schutte v. Ciox Health, LLC*, 28 F.4th 850, 855 (7th Cir. 2022) (citing *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672, 674-77 (7th Cir. 2003) (upholding a ratio of 37.2 to 1 where compensatory damages were only $5,000 per plaintiff)); *see also TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 443 (1993) (plurality opinion) (concluding that punitive damages award 526 times larger than actual damages was appropriate to punish and deter); *Daugherty v. Ocwen Loan Servicing, LLC*, 701 Fed. App'x 246, 2017 WL 3172422, at *11 (4th Cir. 2017) (approving $600,000 award for punitive damages and observing that "large ratios . . . are permissible when a defendant's willful . . . violation causes small amounts of compensable harm").

(ECF No. 19 at 7.)

Here, the Magistrate Judge utilized the only information it had before him regarding potential actual damages and correctly determined that Plaintiff's request for punitive damages does not support Defendant's assertion that the amount in controversy has been met. (ECF No. 15 at 4); *see Spann v. Style Crest Prods., Inc.*, 171 F. Supp. 2d 605, 610 (D.S.C. 2001) ("Allowing removal under these circumstances (where the alleged compensatory damages are around $7,000) would allow removal in almost any case in which a plaintiff seeks punitive damages. Given the general preference against removal, *see, e.g., Mulcahey*, 29 F.3d at 151, jurisdiction should not rest upon the metaphysical possibility of such an award of punitive damages."). Moreover, after reviewing the case law cited by Defendant, the Court is not persuaded by Defendant's deterrence argument. (*See supra*, at 9 n.4.) Further, a review of the Report reveals that the Magistrate Judge did take note of the fact that Plaintiff alleges that he "anticipates punitive damages to far exceed [] $7,500.00."  (ECF No. 1-1 at ¶ 5; *see* ECF No. 15 at 3 (pointing out that the complaint states "$7,500.00, *not* $75,000.00") (emphasis added).) Accordingly, the Court overrules Defendant's third objection.

After careful review of the record, the Report, and the applicable law, the Court agrees with the Magistrate Judge and holds that Defendant has failed to meet its burden of establishing federal jurisdiction.  *Mulcahey*, 29 F.3d at 151; *Deutsche Bank Nat'l Tr. Co. v. Brader*, No. 4:15-cv-00600-RBH, 2016 WL 234988, at *3 (D.S.C. 2016). At most, "the evidence here is very much in equipoise," which requires the Court to remand this action to the state court as Defendant, the party seeking to remove this action, has failed to meet its burden to establish evidence supporting the existence of federal diversity jurisdiction by a preponderance of the evidence. *O'Brien v. Jansen*, 903 F. Supp. 903, 905 (D. Md.

10

1995); *see also Messex v. Quicken Loans, Inc.*, No. 2:15-cv-04773-JMC, 2016 WL 3597597, at \*2 (D.S.C. 2016) ("Because courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court."). Accordingly, the case must be remanded. Further, each party is responsible for their own attorney's fees incurred with regards to Defendant's removal.[5]

## Conclusion

Based on the foregoing, the Court **adopts and specifically incorporates herein** the Magistrate Judge's Report (ECF No. 15); **overrules** Defendant's objections (ECF No. 19); **grants** Plaintiff's motion to remand (ECF No. 11); and **remands** this action to the Spartanburg County Court of Common Pleas.

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

May 8, 2026
Charleston, South Carolina

---

[5] *See Busbee v. Clark*, No. 819CV01190TMCJDA, 2019 WL 3777640, at \*8 (D.S.C. May 15, 2019) (holding that "an attorney representing herself *pro se* is also not entitled to an award of fees" and denying plaintiff's request for attorney's fees due to Defendant's removal), *R&R adopted,* No. 8:19-CV-1190-TMC, 2019 WL 4051690 (D.S.C. Aug. 28, 2019).

11